1

2

3

4

5

6    **UNITED STATES DISTRICT COURT**

7    **DISTRICT OF NEVADA**

8    FRED LALONDE,                          )
                                            )
9            Plaintiff,                     )
                                            )
10           v.                             )          3:16-cv-00554-RCJ-VPC
                                            )
11   RIOS et al.,                           )          **ORDER**
                                            )
12           Defendants.                    )
                                            )
13   _____    )

14           This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a

15   former state prisoner. On July 24, 2017, this Court issued an order directing Plaintiff to file his

16   updated address with this Court within thirty (30) days. (ECF No. 3). The thirty-day period has

17   now expired, and Plaintiff has not filed his updated address or otherwise responded to the

18   Court's order.

19           District courts have the inherent power to control their dockets and "[i]n the exercise of

20   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

21   *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court

22   may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure

23   to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52,

24   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963

25   F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

26   amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

27   for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

28   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

     failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

1 (dismissal for lack of prosecution and failure to comply with local rules).

2      In determining whether to dismiss an action for lack of prosecution, failure to obey a

3 court order, or failure to comply with local rules, the court must consider several factors: (1)

4 the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

5 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

6 cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d

7 at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

8 61; *Ghazali*, 46 F.3d at 53.

9      In the instant case, the Court finds that the first two factors, the public's interest in

10 expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

11 in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

12 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

13 filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

14 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases

15 on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

16 Finally, a court's warning to a party that his failure to obey the court's order will result in

17 dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

18 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring

19 Plaintiff to file his updated address with the Court within thirty (30) days expressly stated: "IT

20 IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, the Court shall

21 dismiss this case without prejudice." (ECF No. 3 at 2). Thus, Plaintiff had adequate warning

22 that dismissal would result from his noncompliance with the Court's order to file his updated

23 address within thirty (30) days.

24      It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's

25 failure to file an updated address in compliance with this Court's July 24, 2017, order.

26 ///

27 ///

28 ///

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED: This _18_ day of September 2017.

_____
United States District Judge